Bank of New Brunswick *v.* Neilson.

THE RECEIVERS OF THE BANK OF NEW BRUNSWICK v. JAMES NEILSON.

In a declaration, in trover, for the conversion of promissory notes and bills of exchange, it is unnecessary to state their dates or time of payment, for the plaintiff is supposed not to have them in possession.

Where the second count in a declaration in trover and conversion, for notes, describes them, as " eleven other promissory notes, having the like drawers, indorsers, descriptions and value as the said promissory notes in the first count mentioned," *held,* bad on special demurrer.

Reference to a prior count, is justifiable, to avoid prolixity.

This was an action of trover, for eleven promissory notes and seven bills of exchange. The defendant demurred specially to the first and second,—and to the third counts of the declaration, for causes disclosed in the opinion of the court, delivered by Justice FORD.

*Nevius,* for the receivers of the Bank.

*C. L. Hardenbergh,* for the defendant.

FORD, J. The defendant has demurred specially to the first two counts in a declaration in trover for the conversion of eleven promissory notes, and seven bills of exchange, because neither the *date* nor time of payment in any of the notes or bills, is stated, but only the name of the maker, payee and indorser, of each note, and of the drawer, drawee, payee and indorser, of each bill. If the exact sum, date, and time of payment, in lost instruments, were to be required in actions of trover, such actions would be banished from courts of law, into equity for discovery and relief. Hence it is laid down in *Bac. Abr. Trover, F; Bul.* 37, and in all cases upon the subject, that these particulars are not to be required of plaintiffs, because they are not in possession of the instruments, and any misrecital would be fatal to their actions. Therefore the plaintiffs must have judgment on the first two counts.

The defendant demurs to the third count specially, because he alleges it does not identify any one of the eleven notes from the rest of them. It says, " eleven other promissory notes, having the like drawers, indorsers, descriptions and value as the said promissory notes in the said first count mentioned."

Reference is justifiable, no doubt, to a prior count, to avoid great prolixity. Had it called them the same eleven promissory notes in the first count mentioned, it would have been as certain as that count is ; but " eleven promissory notes, having the like drawers and indorsers," mixes them altogether, without distinguishing the drawer and indorser of one note from another. For this reason, on a special demurrer, I am of opinion, the judgment on it must be for the defendant.

> *Judgment for plaintiffs, on the first and second counts, and for the defendant, on the third count.*